Taliaeerro, J.
In this case the plaintiff, who is a married woman, sues her husband and James A. Payne in solido to recover from them two promissory notes, each for the sum of one thousand dollars, which notes she alleges are her separate paraphernal property, placed by her said husband in the hands of the other delendant, James A. Payne, as collateral security for the payment of one thousand dollars owing to said Payne by her husband, the said P. S. Sandidge. She prays that the said notes be restored to her, or, if disposed of by the defendants, *199 that she have judgment for the amount of the notes. Interrogatories •on facts and articles were propounded to the defendants, each of whom answered them at great length. A bill of exceptions was reserved to the admission of the testimony of Sandidge, on the ground that he, the husband, could not testily against Payne in favor of his wife, Mrs. Sandidge. This testimony, however, was afterward stricken out.
The plaintiff alleges that the two notes sued upon were received by her in part payment for a tract of land, her separate property, sold by her to John Yoist, of Pointe Coupee, in the year 1870, the land having been acquired by her previous to her marriage with the defendant, Pleasant S. Sandidge. J. H. Halsey, a brother of the plaintiff, Mrs. Sandidge, testified that the land sold by Mrs. Sandidge to Yoist belonged to her at the time of her marriage to her present husband, and that she acquired it at a sheriff’s sale. The testimony of Halsey was objected to on the part of the defense, on the ground that it was an attempt to establish by parol, title to real estate, which requires written evidence. A bill of exceptions was reserved to the admission of the proof. We regard the action of the plaintiff so far as it is brought against her husband in this case as altogether null and without effect. The exception just noticed was well taken and must be sustained.
It is ordered that the judgment of the lower court which was rendered in favor of the plaintiff against the defendants in solido for $ 1000, be annulled and avoided. It is further ordered that this suit be ■dismissed as of nonsuit, the plaintiff paying costs in both courts.